IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES K. HEWITT, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:14-CV-00114 (MTT) (CHW) |
| | : | |
| Warden MARTY ALLEN, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

### REPORT AND RECOMMENDATION

Petitioner was indicted on April 16, 2007 in Dooly County pursuant to Georgia's Repeat Offenders Statute, O.C.G.A. § 17-10-7, based on three prior felony convictions (count 4), for possession of a firearm during the commission of a crime (count 1), possession of a firearm by a convicted felon (count 2), and armed robbery (count 3). Doc. 14-5, p. 2-4. Petitioner entered a negotiated guilty plea on July 30, 2007, to possession of a firearm by a convicted felon (count 2) and armed robbery (count 3), and received a sentence of five years in confinement for count 2 and fifteen years in confinement for count 3. *Id.* at 1. Petitioner did not appeal his conviction.

Petitioner challenged his convictions in Lowndes County on June 1, 2009, by filing a state habeas corpus petition. Doc. 14-1. The state habeas court denied relief on May 30, 2013. Doc. 14-2. Petitioner filed an application for a certificate of probable cause in the Georgia Supreme Court on June 20, 2013 (Doc. 5, p. 4) which was denied on November 4, 2013 (Doc. 14-3). Petitioner filed his federal habeas petition on March 24, 2014. Doc. 1.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year limitations period on petitioners for habeas corpus relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). Ordinarily, as here, AEDPA's 1-year limitations period runs from "the date on

1

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner entered a guilty plea in Dooly County on July 30, 2007, and his sentence was filed on August 10, 2007. Doc. 14-1, p. 1. Therefore, Petitioner's convictions and sentences became final thirty days after August 10, 2007, on September 10, 2007,[1] when the time for filing a notice of appeal pursuant to O.C.G.A. § 5-6-38 had expired.

From that date, Petitioner had one year, or until September 10, 2008, either to file a timely petition for federal habeas relief or to file an application for state post-conviction or other collateral review, thereby tolling AEDPA's limitation period. 28 U.S.C. § 2244(d)(2). Because Petitioner did not file his state habeas petition until June 1, 2009, (Doc. 14-1, p. 1), and because Petitioner filed no other application for State post-conviction review, the time for Petitioner to file a timely petition for federal habeas relief expired on September 10, 2008, and the instant Petition is untimely.

District Courts may equitably toll AEDPA's limitations period where a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). In this case, though, Petitioner did not argue that he is entitled to equitable tolling, and nothing in the record indicates that Petitioner is, in fact, entitled to equitable tolling.

Accordingly, it is **RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**, and that the instant Petition be **DISMISSED**. Additionally, Pursuant to the requirements of Rule 11 of the rules governing Section 2254 cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is

---

[1] Thirty days from August 10, 2007 falls on a Sunday, so the period is extended to Monday, September 10, 2007.

**FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order. Finally, pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 12th day of January, 2015.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge